FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

99 JAN -7 PM 1: 53

U.S. DISTRICT COURT
N D OF ALABAMA

| | | |
|---|---|---|
| RANDALL DUBOSE, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. CV 97-B-2960-J |
| | } | |
| GENERAL MOTORS ACCEPTANCE | } | |
| CORPORATION, YERBY | } | |
| CHEVROLET, INC., | } | |
| | } | |
| Defendants. | } | |

ENTERED

JAN - 7 1999

## MEMORANDUM OPINION

Currently before the court is the plaintiff's Motion to Remand this action to state court. After consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the motion is due to be granted.

### I. FACTUAL SUMMARY

Plaintiff filed his complaint in state court in Lamar County, Alabama alleging causes of action for breach of contract, suppression, quasi-contract and unjust enrichment, and theft by deception. Defendants removed the case to this court on the grounds that the court had subject matter jurisdiction based on diversity of citizenship between the parties.

Plaintiff is a citizen and resident of the State of Alabama. Defendant GMAC is a corporation organized and existing under the laws of the State of New York with its principal place of business in Michigan. Defendant Yerby Chevrolet, Inc., is a corporation organized and

7

existing under the laws of the State of Alabama.

Plaintiff seeks to represent two "subclasses" in this action. The first subclass includes all residents of the State of Alabama who have entered into a lease transaction for a motor vehicle with Yerby Chevrolet. (Pl.'s Compl., Count V.) Yerby Chevrolet has been involved with less than one percent (1%) of the Alabama leases assigned to GMAC during the relevant time period. (Def. Evid. Subm. C). Additionally, plaintiff seeks to represent a class that includes all people who entered into a lease transaction within the State of Alabama with General Motors Acceptance Corporation (hereinafter "GMAC"). (*Id.*)

## II. DISCUSSION

Plaintiff's basis for remand is that this court lacks subject matter jurisdiction because complete diversity between the parties does not exist. Plaintiff notes that defendant Yerby Chevrolet is a citizen of Alabama and plaintiff is a citizen of Alabama. Therefore, according to plaintiff, diversity of citizenship does not exist. Defendants argue that Yerby was fraudulently joined to defeat diversity jurisdiction and, therefore, should not be considered for purposes of determining diversity.

The Eleventh Circuit recently addressed the issue presented in the case at hand in *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998). In *Triggs*, plaintiff filed a class action against World Omni Financial Corporation, a Florida corporation, and John Crump Toyota, an Alabama corporation. The putative class, which plaintiff Triggs sought to represent, included over 17,000 people, all of whom had dealt with Omni, but only 371 people (2%) of whom had dealt with Crump. This court held that the resident defendant Crump had been fraudulently joined

as to ninety-eight percent (98%) of the members of the putative class. The motion to remand was denied. This court then asserted supplemental jurisdiction over the 371 plaintiffs who had dealt with Omni through Crump. Finding that the resident defendant was not fraudulently joined, the Eleventh Circuit reversed with directions that the case be remanded to state court.

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed to be fraudulent in two situations: 1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant, and 2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Triggs,* 154 F.3d at 1287. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* (quoting *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.*

Plaintiff has asserted facts which clearly state a potential cause of action against Yerby Chevrolet in state court. Plaintiff contends that GMAC, acting by and in concert with Yerby, improperly, unlawfully, and illegally financed the lease of a vehicle to the plaintiff. With regard to the named plaintiff, Yerby Chevrolet is not fraudulently joined. Because there is not complete diversity among the parties, this court lacks subject matter jurisdiction.

## III. CONCLUSION

In accordance with the holding of *Triggs*, the court concludes that plaintiff's motion to remand is due to be granted. An order granting plaintiff's Motion to Remand will be entered contemporaneously herewith.

**DONE** this 7th of January, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge